## Thompson *v.* Lippincott, Appellant.

*Real property—Sales—Unpaid balance of purchase-price—Evidence.*

In an action to recover the balance due on the unpaid part of the purchase-price of a lot of ground, a judgment is properly entered against the defendant, where the only defense offered is the allegation that a promise was made to provide title insurance for the property, and where there is no evidence that such promise was made by the agent of the grantor.

It is not error to refuse to admit in evidence, a paper purporting to be a contract for such insurance, where there is nothing to show that the alleged agreement related to the property in question, or that the plaintiff was a party thereto.

Argued Nov. 13, 1918.　Appeal, No. 47, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1916, No. 268, for plaintiff in case tried by court without a jury, in suit of W. A. Parke Thompson v. Frank W. Lippincott.　Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.　Affirmed.

Assumpsit for money due on purchase-price of real estate.　Before GORMAN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff for $520 and entered judgment thereon.　Defendant appealed.

*Error assigned* was the decree of the court.

*Frank A. Harrigan,* for appellant.

*Paul Reilly,* and with him *Thomas B. Hall,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

The plaintiff brought this action to recover the unpaid balance of the purchase money for a lot of ground situate at Strathmere, New Jersey. The only defense which the defendant in his answer alleged to the claim was that he had purchased the lot under a written agreement which provided that the lot was to be conveyed clear of encumbrances and a policy of title insurance covering the lot should be furnished to him without further payment. He averred in his answer that the original written agreement had been lost and attached to and made part of his answer was an alleged copy of said agreement. The answer averred the willingness of the defendant to pay the said balance of the purchase money upon delivery to him of a policy of title insurance. Upon the trial the defendant testified orally that he had been verbally promised a policy of title insurance, but he failed to show that that promise had been made by any agent of the grantor authorized to enter into such a covenant. He in some manner seems to have recovered possession of the original alleged written agreement which he had asserted in his answer to have been lost and he offered it in evidence at the trial. This alleged agreement did not purport to relate to the property in question, the defendant was not a party to it and there was nothing to indicate that it contained any covenant, of which he was to have the benefit. It simply indicated that the grantor of the property might possibly at some time have used this form for the purpose of entering into contracts with some other parties for the sale of other properties. The defendant in his oral testimony admitted that this paper had never come into his possession until after he had accepted a delivery of the deed for the property and entered into possession thereof. The court did not err when it refused to admit this paper in evidence. The plaintiff, at the time of the

trial, had remained in undisputed possession of the property for a number of years and there was no suggestion of any defect in the title or encumbrance thereon, and the court very properly entered judgment for the unpaid balance of the purchase money.

The judgment is affirmed.